TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Ruben Sneor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Sneor, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC,<br>a Delaware limited liability company;<br>Equifax Information Services, LLC,<br>a Georgia corporation; and<br>Stuart Allan & Associates, Inc.,<br>an Arizona corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, RUBEN SNEOR, BY AND THROUGH

COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants,

pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit

   Reporting Act (15 U.S.C.  §1681 et. seq [hereinafter "FCRA"] ).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the

   City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC, ("Equifax") which is a Georgia

      company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC, ("Trans Union")  which is an Delaware company that

      maintains a registered agent in Maricopa County, Arizona; and

   c. Stuart Allan & Associates, Inc., ("SAA") which is an Arizona company

      that maintains a registered agent in Pima County, Arizona.

2

**GENERAL ALLEGATIONS**

6. Defendants Equifax and Trans Union (collectively "Credit Reporting Agencies" or "CRAs") are improperly reporting a trade line from Stuart Allan & Assoc., account number 705116000285xxxx ("Bogus Trade Line"). This trade line does not belong to Plaintiff. The Bogus Trade Line relates to a debt owed to Benham and Associates in the amount of $10,835.00.

7. Plaintiff does not owe this alleged debt.

8. Plaintiff in an insurance agent. He previously sold insurance from Mutual of Omaha through Benham and Associates.

9. In 2012, Plaintiff spoke with a representative from Mutual of Omaha who confirmed that Plaintiff did not owe it any money.

10. On or about January 20, 2014, Plaintiff, through Michigan Consumer Credit Lawyers, sent Trans Union a dispute letter regarding the Bogus Trade Line.

11. On or about January 27, 2014, Plaintiff, through Michigan Consumer Credit Lawyers, sent Equifax a dispute letter regarding the Bogus Trade Line.

12. Upon information and belief, the CRAs forwarded the gravamen of the Plaintiff's dispute to Defendant SAA.

13. On or about February 3, 2014, Trans Union sent Plaintiff results of its investigation and retained the Bogus Trade Line on his credit report.

14. On or about February 22, 2014, Equifax sent results of the investigation and also wrongfully retained the Bogus Trade Line on the Plaintiff's consumer credit report.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STUART ALLAN & ASSOCIATES, INC.**

15. Plaintiff re-alleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax and Trans Union of the Plaintiff's consumer dispute regarding the Bogus Trade Line, SAA negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

17. SAA negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union and Equifax to remove the Bogus Trade Line from the Plaintiff's consumer credit report.

18. The Bogus Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with Trans Union and Equifax to which it is reporting such trade line.

4

19. As a direct and proximate cause of SAA's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. SAA is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. The Plaintiff has a private right of action to assert claims against SAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against SAA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STURART ALLAN & ASSOCIATES, INC.

22. Plaintiff re-alleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union and Equifax that the Plaintiff disputed the accuracy of the information it was providing, SAA willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

24. SAA willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of SAA's willful failure to perform its respective duties under the FCRA, the Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. SAA is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against SAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

27. Plaintiff re-alleges the above paragraphs as if recited verbatim.

28. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC 1681a.

29. Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

6

30. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

31. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Trans Union is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

34. Plaintiff re-alleges the above paragraphs as if recited verbatim.

35. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC 1681a.

7

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Trans Union is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

8

# COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff re-alleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC 1681a.

43. Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff re-alleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

52. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  July 14, 2014                        KENT LAW OFFICES

By:   _/s/  Trinette G. Kent_
Trinette G. Kent

Attorneys for Plaintiff,
Ruben Sneor

11